# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| JACKY R. BOOTH, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:05-0945 |
| LINDA S. McMAHON,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court is the Commissioner's Motion to Dismiss. (Doc. No. 10.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on November 29, 2005, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). The Commissioner asserts that Plaintiff should have commenced this action on or before November 28, 2005. In addition, the Commissioner argues

---

[1] When the Plaintiff filed this civil action, Jo Anne B. Barnhart was serving as the Commissioner of Social Security. On January 20, 2007, however, Linda S. McMahon became the Acting Commissioner of Social Security. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Linda S. McMahon is automatically substituted as the party Defendant in this civil action.

that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g).

The Plaintiff argues that the statute should be equitably tolled because while he was aware of the limitation period, he lacked means of transportation to his counsel's office to review and sign the pertinent documents to file his appeal. (Doc. No. 13, Pl.'s Affidavit at ¶¶ 1, 6, 7.) He explains that he is unable to drive due to the side effects of medications necessary to control a seizure disorder, and must rely upon his father for most all his transportation. (Id. at ¶¶ 1-5.) Additionally, the Plaintiff asserts that his physical and mental deficits adversely affect his "concentration, judgment and tolerances to stressful predicaments" and prevented him "from adhering to counsel's instructions despite repeated emphasis of the importance of following those instructions." (Doc. No. 13 at 2, 4.)

The court makes the following findings as to the procedural history in this case:

1. The ALJ issued an unfavorable decision on June 20, 2005. (Tr. at 14-23.)

2. The Appeals Council denied the Plaintiff's request for review on September 22, 2005. (Tr. at 5-8.) The decision of the Appeals Council notified the Plaintiff of his right to commence a civil action within 60 days of receipt and was sent to his counsel, David G. Thompson. (Tr. at 6-8.)

3. The Plaintiff filed his Complaint with the Clerk of the District Court on November 29, 2005. (Doc. No. 1.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

2

> Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2005). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2005). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

In the present case, the Appeals Council issued its decision on September 22, 2005. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on September 27, 2005. Thus, the 60-day period ran on November 26, 2005. That day fell on a Saturday, on which the Court was closed. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the 60-day period therefore ran on November 28, 2005. Claimant has not attempted to rebut the presumption that he received the Appeals Council's notice on or before September 27, 2005. Rather, Plaintiff argues that the statute should be equitably tolled because (1) he lacked transportation to his counsel's office to review his Complaint and sign an *in forma pauperis* application; and (2) his physical and mental impairments adversely affected his ability to ambulate, concentrate, and tolerate stressful situations.

The filing requirement of § 405(g) is not jurisdictional. Bowen v. City of New York, 476

3

U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986). Instead, it is a statute of limitations subject to equitable tolling. Id. In Bowen, the Supreme Court held that equitable tolling applies "[w]here the government's secretive conduct prevents plaintiffs from knowing of a violation of rights . . . ." Id. at 481, 106 S.Ct. at 2030 (citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); Hyatt v. Heckler 807 F.2d 376, 380-81 (4th Cir. 1986), cert. denied, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987) (finding that tolling is warranted in light of Secretary's secretive policy of nonacquiescence with the law of circuit). In addition, courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96, 111 S.Ct. at 458 (citations omitted).

In the instant case, the Plaintiff has represented that the staff of his counsel's office contacted him via telephone several days prior to November 28, 2005, and advised that he needed to go to the office to review and sign papers for his instant appeal before the November 28, 2005, deadline. (Doc. No. 13, Pl.'s Affidavit at ¶¶ 6, 9.) The Plaintiff advised counsel's staff that he was unable to drive and would not be in the office until his father returned from his hunting trip, which he believed would be prior to November 28, 2005. (Id. at ¶¶ 7-8.) Plaintiff asserts that his father returned on November 28, 2005, and drove the Plaintiff to his counsel's office in Pineville, West Virginia, that day, where the Plaintiff reviewed and signed the papers as instructed by his counsel. (Id. at ¶ 8.) Counsel asserts that Plaintiff's Complaint and *In Forma Pauperis* Application were then sent to the Court's Clerk's Office via United States mail on November 28, 2005. (Doc. No. 13 at 4.)

The Plaintiff explains that despite having told counsel's staff that his father would return

prior to the November 28, 2005, deadline, it was " possible given the medications that I take on a daily basis that I became confused about the day that my father would return[.]" (Doc. No. 13, Pl's Affidavit at ¶ 9.) Counsel asserts that he was not aware that the Plaintiff lacked means of transportation, but that if he had known, he may have taken "extraordinary measures," presumably to have filed his Complaint timely. (Doc. No. 13 at 4.)

This combination of circumstances makes equitable tolling of the statute inappropriate. The Court acknowledges the Plaintiff's statements that he lacked means of transportation to enable him to meet with his counsel to review and sign the pertinent documents to initiate the instant appeal. However, the Court can neither ignore, nor find as good cause to toll the statute of limitations, counsel's deliberate action of mailing the Plaintiff's Complaint on the day the limitation period ran rather than filing the same with the Clerk's Office. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Rule 5(e) defines "filing" and states: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court." Fed. R. Civ. P. 5(e). Counsel *mailed* the Plaintiff's Complaint to the Clerk's Office on November 28, 2005, the day on which the statute of limitations ran, and the Clerk's Office *filed* the Complaint on November 29, 2005. At the very least, counsel could have attached to the Plaintiff's Complaint, a motion explaining the Plaintiff's circumstances and requesting that the Court allow the Complaint to be filed one day beyond the statute of limitation. Alternatively, counsel could have requested that the Commissioner relieve the Plaintiff from the 60-day limitation as contemplated by 42 U.S.C. § 405(g). Counsel did neither, and the Court finds that the Plaintiff's Complaint was thus untimely filed. See Wells v. Apfel, 103 F.Supp.2d 893, 896 (W.D. Va. 2000) (finding that for purposes of the statute of limitations, the claimant's complaint was

considered filed when first received by the clerk's office, rather than when the filing fee was received).

The Plaintiff argues that his physical and mental limitations constitute good cause under 20 C.F.R. § 404.911, for tolling the statute of limitations. Title 20, C.F.R. §§ 404.911(a)(4) and (b)(9), however, provide good cause for missing the 60-day deadline under "[u]nusual or unavoidable circumstances" which demonstrate that the *claimant* was unable to appreciate the need to file a timely complaint. 20 C.F.R. §§ 404.911(a)(4) and (b)(9) (2005). In this case, the Plaintiff was represented by counsel who appreciated and acknowledged the 60-day limitation period yet chose to mail, rather than file, the Plaintiff's Complaint on the day the limitation period ran. Had counsel known of the Plaintiff's lack of transportation, he states that he would have taken "extraordinary circumstances." The Court, therefore, cannot find that counsel's clear disregard of the statute of limitations constitutes good cause as to justify equitable tolling of the 60-day limitation period.

For the reasons set forth above, and by Judgment Order entered this day, the Commissioner's Motion to Dismiss (Doc. No. 10.) is **GRANTED** and this matter is **DISMISSED** from the docket of this Court.

ENTER: February 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge